```
             UNITED STATES DISTRICT COURT
           FOR THE DISTRICT OF NEW HAMPSHIRE
```

Jeanne L. Ingress

   v.                              Civil No. 11-cv-373-PB
                                                   Opinion No. 2012 DNH 40

Merrimack Mortgage Co., Inc.,
et al.


## MEMORANDUM AND ORDER

After Jeanne Ingress stopped making her monthly mortgage payments, a mortgage company instituted foreclosure proceedings on her home.  Ingress brought suit in state court, seeking to enjoin the foreclosure.  After she was ultimately unsuccessful in that action, she filed a quiet title suit in state court concurrently with this suit in federal court.  Prior to my consideration of her federal action, she was denied relief in her second state action.  In this suit, Ingress seeks money damages against five mortgage companies and a law firm, alleging the existence of defects in the chain of title to her mortgage as well as fraudulent conduct and disclosure violations that taint the mortgage and foreclosure.  Defendants have filed motions to dismiss all claims, and for the reasons below, I grant those motions.

I.  **BACKGROUND**

On September 15, 2005, Ingress borrowed approximately $205,000 from Merrimack Mortgage Company, Inc. ("Merrimack") and mortgaged property in Wilton, New Hampshire as security for the loan.  Merrimack subsequently sold Ingress's mortgage and transferred the servicing rights.  In late 2008 or early 2009, Ingress stopped making her monthly mortgage payments.  In March 2009, Wells Fargo Bank, N.A., as Trustee for Option One Mortgage Trust 2006-1 Asset-Backed Securities, Series 2006-1 ("Wells Fargo") commenced foreclosure proceedings.

Seeking to stop the imminent foreclosure sale of her property, Ingress brought suit (the first state action) in Merrimack County Superior Court in November 2010 against Merrimack; Wells Fargo; American Home Mortgage Servicing, Inc. ("American"), an intermediate assignee of the mortgage; and Shechtman Halperin Savage, LLP ("Shechtman"), counsel to Wells Fargo.  Ingress argued that she was unable to discern the identity of the current holder of her mortgage and that the rising interest rates and monthly payments on her mortgage were evidence that she had been the victim of unfair practices. Ingress v. Wells Fargo Bank, No. 10-E-571 at 1-2 (N.H. Super.

Nov. 29, 2010), Doc. No. 14-3. Chief Justice Robert J. Lynn stated in his November 29 order that although he "agrees with [Ingress] to a point, . . . the property in question clearly is encumbered by a mortgage owed to some financial institution and [Ingress] has, in effect, been living rent free in the property for nearly two years." Id. at 2. He enjoined the foreclosure sale scheduled for that day, but ordered that the injunction would expire after ten days unless Ingress deposited with the court the $41,400 she owed in unpaid mortgage payments and continued to deposit $1,800 per month until the litigation was concluded. Id.

On December 7, two days prior to the date Ingress would have been required to deposit the outstanding balance due on the mortgage, a hearing was held before a different judge. Ingress disputed the chain of title to the mortgage, contending that the mortgage and accompanying notes had been improperly assigned. Ingress v. Wells Fargo Bank, No. 2010-EQ-0571 at 1 (N.H. Super. Dec. 8, 2010), Doc. No. 14-10. The following day, Presiding Justice Diane M. Nicolosi enjoined the foreclosure sale for ninety days, explaining that the record was unclear as to who could properly foreclose on the mortgage. Id. She vacated the

3

requirement that Ingress deposit $41,400 with the court, and replaced it with a requirement that Ingress deposit $3,600 with the court by January 1, and an additional $1,800 each month thereafter.  Id. at 2.

On February 15, 2011, Justice Nicolosi granted the respondents' motions to dismiss Ingress's claims.  Ingress v. Wells Fargo Bank, No. 226-2010-CV-571 (N.H. Super. Feb. 15, 2011), Doc. No. 14-15.  She noted that Ingress had failed to deposit any money with the court and that Ingress had conveyed the property to John Ingress and so was no longer the real party in interest in the case.[1]  Id. at 1-2.  On April 6, 2011, Justice Nicolosi denied Ingress's motion for reconsideration, explaining that Ingress "has not provided any additional factual support for her claims that Wells Fargo is not the mortgagee by valid assignment."  Ingress v. Wells Fargo Bank, No. 226-2010-CV-571 (N.H. Super. Apr. 6, 2011), Doc. No. 24-7.  On April 29, the case was closed.

In July 2011, Ingress brought this suit pro se in federal court against the same four parties named in her original state court action and one additional party, Sand Canyon Corp. ("Sand

---

[1] The property has since been conveyed back to Ingress.

4

Canyon").[2]  Her complaint contains thirteen counts and alleges that defendants engaged in a civil conspiracy, committed fraud, and violated a number federal regulations and statutes, including the Truth in Lending Act, 15 U.S.C. §§ 1601 et seq., the Fair Credit Reporting Act, 15 U.S.C. §§ 1681 et seq., and the Uniform Commercial Code.

On the same day she filed this case, Ingress also filed a quiet title action in state court (the second state action), naming the same defendants as in her federal complaint.  On December 7, 2011, Presiding Justice Jacalyn A. Colburn ruled against Ingress on all claims.  Ingress v. Merrimack Mortgage Co., No. 2011-CV-0542 (N.H. Super. Dec. 7, 2011), Doc. No. 39.  She first determined that Ingress had not asserted any viable claims against Option One or Sand Canyon because Ingress acknowledged that neither party had an interest in her property, and because Ingress failed to include any factual allegations about their actions.  Id. at 4-5.  She next determined that "the

---

[2] In her complaint, Ingress names Sand Canyon and Option One Mortgage Corporation ("Option One") as separate parties, but she acknowledges that Option One and Sand Canyon are actually the same entity, the former having become the latter by way of a corporate name change.  Compl. ¶ 4, Doc. No. 1.  For clarity, I shall treat the corporation as a single entity, and shall refer to it, regardless of its name at the time, as Sand Canyon.

5

doctrine of res judicata bars this suit or any further action against Merrimack, Wells Fargo, A[merican], and S[hechtman]." Id. at 6.

Justice Colburn's comprehensive res judicata analysis detailed how all three prongs required for its application had been met: (1) the four defendants were identical to the defendants in Ingress's prior state court action; (2) despite new theories of relief, Ingress's action was based on "the same factual transaction -- the mortgage, the foreclosure and ownership and servicing of the note"; and (3) the prior action was a final judgment on the merits. Id. at 7-8. She dismissed Ingress's claims with prejudice.

## II.  STANDARD OF REVIEW

In considering a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), I "accept as true the well-pleaded factual allegations of the complaint, draw all reasonable inferences therefrom in the plaintiff's favor and determine whether the complaint, so read, sets forth facts sufficient to justify recovery on any cognizable theory." Martin v. Applied Cellular Tech., 284 F.3d 1, 6 (1st Cir. 2002). To survive a

6

motion to dismiss for failure to state a claim, the general standard under Rule 8 of the Federal Rules of Civil Procedure is that the complaint must "state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)).  A claim is facially plausible when it pleads "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.  The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully."  Id. (citations omitted).

When a plaintiff acts pro se, this court is obliged to construe the pleadings liberally in favor of the pro se party. See Ayala Serrano v. Lebron Gonzales, 909 F.2d 8, 15 (1st Cir. 1990) (citing Estelle v. Gamble, 429 U.S. 97, 106 (1976)).  That review ensures that pro se pleadings are given fair and meaningful consideration.  See Eveland v. Dir. of C.I.A., 843 F.2d 46, 49 (1st Cir. 1988).

The court may take into account the record in the original action when a motion to dismiss is based upon a claim of res

judicata. Andrew Robinson Int'l, Inc. v. Hartford Fire Ins. Co., 547 F.3d 48, 51 (1st Cir. 2008).

### III. ANALYSIS

#### A. Res Judicata

The four defendants who were parties to the first state action argue that the doctrine of res judicata bars all claims against them. For the same reasons advanced by Justice Colburn in her recent decision, I agree.

In New Hampshire, res judicata bars a plaintiff from relitigating matters that were actually decided, or that could have been decided, in an earlier action between the same parties for the same cause of action. Brooks v. Trustees of Dartmouth Coll., 161 N.H. 685, 690 (2011). The purpose of the doctrine is "to avoid repetitive litigation so that at some point litigation over a particular controversy must come to an end." E. Marine Constr. Corp. v. First S. Leasing, 129 N.H. 270, 273 (1987) (quoting Bricker v. Crane, 118 N.H. 249, 252 (1978)). Three elements must be met for res judicata to apply: (1) the parties must be the same or in privity with one another; (2) the cause of action must be the same; and (3) the prior action must have

been a final judgment on the merits. Brooks, 161 N.H. at 690. Ingress does not contest the first or third elements, and thus the dispositive question is whether this suit is based on the same cause of action as the first state action.

A cause of action is broadly defined to encompass "all theories on which relief could be claimed on the basis of the factual transaction in question." Id. at 694 (quoting E. Marine, 129 N.H. at 274-75). So long as the factual transaction is the same, a subsequent suit against the same party will be barred even if the plaintiff is prepared to present new evidence or offer new theories of relief, and even if the plaintiff seeks different forms of relief than in the prior action. E. Marine, 129 N.H. at 275-76.

I determine that this suit is based on the same cause of action as Ingress's first state action. In that prior suit, the factual transaction was the chain of events from mortgage through foreclosure pertaining to the ownership and encumbrance of the Wilton property. Because all of Ingress's claims in this case are based on that same factual transaction, they are barred. It is of no moment that Ingress wishes to present new evidence in this suit, nor that Ingress seeks monetary damages

9

now whereas she sought injunctive relief in the prior action. See E. Marine, 129 N.H. at 275-76.  I dismiss all claims against Merrimack, Wells Fargo, American, and Schechtman on the basis of res judicata.[3]

**B.   Claims against New Defendant**

The sole defendant in this suit who was not a party to the first action, and who therefore cannot avail itself of a res judicata bar based on that action, is Sand Canyon.  Nonetheless, Ingress's claims against Sand Canyon are barred by the res judicata effect of her second state action.

The resolution of the second state action satisfies all the requirements necessary to apply res judicata in this subsequent suit.  See Brooks, 161 N.H. at 690.  First, the party in this case, Sand Canyon, is the same as in the second state action. Second, the claims in this case are based on the same cause of action as in the prior suit.  Both cases concern the same

---

[3] Ingress also contends that res judicata should not apply because her new complaint "makes allegations not known to [her] at the time the previous complaint was brought forth."  Pl.'s Opp'n to Mot. to Dismiss at 5, Doc. No. 42.  Ingress has not provided any detail, however, about which facts have recently come to light or why she was unaware of those facts previously. In light of Ingress's failure to offer more than conclusory assertions, I need not entertain her argument.

factual transaction -- the ownership and encumbrance of the Wilton property and the chain of events from mortgage through foreclosure -- in which Sand Canyon is alleged to have been an intermediary assignee of the mortgage.  Third, the second state action was a final decision on the merits.  Justice Colburn dismissed the claims against Sand Canyon with prejudice, and "a dismissal with prejudice is deemed an adjudication on the merits for purposes of *res judicata*."  Oriental Bank & Trust v. Pardo Gonzalez, 509 F. Supp. 2d 127, 135 (D.P.R. 2007); see Moulton-Garland v. Cabletron Sys., Inc., 143 N.H. 540, 542 (1999) ("A judgment entered 'with prejudice' constitutes a judgment on the merits of a matter[.]").

Even if Ingress's claims against Sand Canyon were not barred by res judicata, however, I would dismiss them for failure to state a claim.  Although Ingress's allegations about Sand Canyon paint a less than clear picture of Sand Canyon' exact role as an intermediate assignee, two important facts emerge.  First, Sand Canyon had no connection with Ingress prior to or during the time Ingress entered into the mortgage agreement.  Second, Sand Canyon does not currently possess any interest in Ingress's property and has not been involved in the

foreclosure proceedings. In light of these facts, Counts I through IX of the complaint all fail to state a claim against Sand Canyon because they allege fraud and disclosure failures by the original lender.[4] The allegations in Count XI (titled "Breach of Trust") must also be dismissed because they set out defenses pursuant to UCC § 3-305 against a party seeking payment on an instrument, and Sand Canyon does not hold an instrument and is not seeking to enforce payment.

Counts X and XII are allegations of fraud, which must be alleged with particularity according to Federal Rule of Civil Procedure 9(b). Mendez Internet Mgmt. Servs., Inc. v. Banco Santander de P.R., 621 F.3d 10, 14 (1st Cir. 2010). Count XII fails to state a claim for mail fraud because Ingress has not alleged that Sand Canyon mailed any documents.[5] Count X alleges fraud generally, and contains a brief explanation that a person

---

[4] In responding documents addressed to the arguments of other defendants, Ingress also admits that Counts I through IX are barred by the statute of limitations. Opp'n to Mot. to Dismiss at 2-3, Doc. No. 41.

[5] In documents responsive to other defendants' motions to dismiss, Ingress concedes that her mail fraud claim "either fail[s] to state a claim upon which relief can be granted or [is] not a recognizable cause of action." Opp'n to Mot. to Dismiss at 3, Doc. No. 42.

who enforces a note must be in possession of the note. To the extent Ingress is raising a defense against enforcement of the note, as seems to be the case based on her citation to UCC § 3-305, her argument cannot be directed at Sand Canyon who does not hold the note. To the extent Ingress is making a common-law fraud accusation based on problems in the chain of title, her vague allegation is insufficient to support the claim. She has not alleged any facts that would establish her reliance on a false representation by Sand Canyon. See Snierson v. Scruton, 145 N.H. 73, 77 (2000) (describing elements necessary to plead a claim of fraud). Moreover, under Ingress's own account of events, Sand Canyon did not interact with her at the two times where one might expect a possibility of fraudulent conduct by a mortgage company: at the signing stage or in the foreclosure process.

Lastly, Count XIII, which alleges conspiracy, also fails to state a claim upon which relief can be granted.[6] As best I can discern, Ingress asserts that the defendants conspired to

---

[6] As with the mail fraud claim, Ingress concedes in responses to other defendants' motions to dismiss that her conspiracy claim "either fail[s] to state a claim upon which relief can be granted or [is] not a recognizable cause of action." Opp'n to Mot. to Dismiss at 3, Doc. No. 42.

deceive various mortgagors by leading them to believe that the named Trustee (Wells Fargo) had been assigned the security instruments well before the date the Trustee had actually been assigned those instruments.  Even assuming the veracity of that allegation, Ingress has not asserted the facts necessary to state a claim for conspiracy.  See Jay Edwards, Inc. v. Baker, 130 N.H. 41, 47 (1987) (listing elements of civil conspiracy).  Ingress's allegations do not show how, even if defendants had conspired to deceive her about the date Wells Fargo became Trustee, such a deception has proximately caused her to suffer damages.  See id. (damages as proximate result of conspiracy is element of claim).  The foreclosure of the Wilton property was not caused by any conspiracy to post-date assignment documents, but by Ingress's failure to repay her mortgage.  Therefore, her conspiracy claim fails as a matter of law.

## IV.  CONCLUSION

For the foregoing reasons, Ingress's claims are barred by res judicata, and her allegations against Sand Canyon also fail to state a claim upon which relief can be granted.  Defendants' motions to dismiss (Doc. Nos. 14, 17, 23, 25) are granted.  The

14

clerk is directed to enter judgment accordingly and close the case.

    SO ORDERED.

                                            <u>/s/Paul Barbadoro</u>
                                            Paul Barbadoro
                                            United States District Judge

February 8, 2012

cc:   Jeanne L. Ingress
      Joshua M. Wyatt, Esq.
      Alexander J. Walker, Esq.
      Daniel E. Will, Esq.
      Victor Manougian, Esq.
      Paula-Lee Chambers, Esq.
      Geoffrey M. Coan, Esq.
      Dean J. Wagner, Esq.